IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| JOSEPH WAYNE HUNTER, #1981619 | § | |
|     Petitioner, | § | |
| | § | |
| v. | § | 3:15-CV-2176-M-BK |
| | § | |
| STATE OF TEXAS, | § | |
|     Respondent. | § | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to 28 U.S.C. § 636(b) and *Special Order 3*, this *pro se* habeas corpus action under 28 U.S.C. § 2241 was automatically referred to the United States Magistrate Judge. The Court granted Petitioner's motion to proceed *in forma pauperis*, but did not issue process pending preliminary screening. For the reasons that follow, the petition should be dismissed without prejudice for want of jurisdiction.

**I. BACKGROUND**

Petitioner, a state prisoner, filed a *pro se* habeas corpus petition challenging a Dallas County criminal charge for possession of a controlled substance, which he indicates was dismissed. *See* Doc. 3 at 2; *State v. Hunter*, No. F12-59492 (265th Judicial District Court). Petitioner asserts that his prosecution in Case No. F12-59492 was malicious, that he endured speedy trial and search and seizure violations, and that the police lacked probable cause to arrest him. Doc. 3 at 4-5.

A review of the Dallas County website reflects that Case No. F12-59492 was dismissed on February 4, 2015, on motion of the Dallas County District Attorney. *See State v. Hunter*, No. F12-59492, *Motion to Dismiss Prosecution* (265th Judicial Dist. Ct. Feb. 4, 2015), *available at* http://courtecom.dallascounty.org/pav/. Petitioner had been convicted of aggravated assault on

August 28, 2014, in Case No. F13-56295, and sentenced to 25 years' imprisonment in the Texas Department of Criminal Justice. *Id*. The District Attorney moved to dismiss, stating that, "[d]ue to the costs of returning [Petitioner] to Dallas to stand trial, coupled with the fact that any sentence imposed . . . would not in all probability increase the time he is presently serving, prosecution . . . cannot be justified." *Id*.

## II. ANALYSIS

At the outset, the Court must examine whether it has jurisdiction over the instant action. The primary function of the writ of habeas corpus is to seek release from unlawful custody or imprisonment. *See e.g.*, *Jones v. Cain*, 600 F.3d 527, 541 (5th Cir. 2010). "The writ of habeas corpus shall not extend to a prisoner unless . . . [h]e is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c). Absent custody by the authority against whom relief is sought, jurisdiction will not lie to grant habeas relief. *Zolicoffer v. United States Dep't of Justice*, 315 F.3d 538, 540 (5th Cir. 2003) ("For a court to have habeas jurisdiction under section 2241, the prisoner must be 'in custody' at the time he files his petition for the conviction or sentence he wishes to challenge."). Habeas corpus may not be used "to adjudicate matters foreign to the question of the legality of custody." *Pierre v. United States,* 525 F.2d 933, 935-936 (5th Cir. 1976).

Although the pleadings in this case are captioned as a petition for writ of habeas corpus under 28 U.S.C. § 2241, Petitioner is not in custody on the charge he challenges. As noted above, the charge in Case No. F12-59492 was dismissed in February 2015. As a result, this Court lacks jurisdiction over his petition. Accordingly, this action is subject to summary dismissal. *See* Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts ("If it plainly appears from the face of the petition . . . that the petitioner is not entitled to

relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner.").[1]

Insofar as Petitioner seeks to raise civil rights violations related to his arrest and subsequent prosecution in that case, he must do so in a civil rights complaint.

### III. RECOMMENDATION

For the foregoing reasons, it is recommended that the petition for writ of habeas corpus under 28 U.S.C. § 2241 be **DISMISSED** without prejudice for want of jurisdiction.  *See* FED. R. CIV. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action.").

SIGNED July 14, 2015.

_____
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

---

[1] Rule 1(b) of the Rules Governing section 2254 cases provides that "[t]he district court may apply any or all of these rules to a habeas corpus petition not covered by Rule 1(a)."

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

      A copy of this report and recommendation will be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In <u>order</u> to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

_____
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE